IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA,

STATESVILLE DIVISION

CAUSE NO. 5:25-cv-50

**ESTATE OF DONNA MARIE JAMES.**
**By and through its Administrators, JENNIFER**
**N. FOLLEY and ALISON THOMAS**

  **Plaintiffs**

vs

**RIDGE VALLEY CENTER FOR NURSING AND**
**REHABILITATION, 1000 College St., Wilkesboro,**
**NC 28697, Unnamed Negligent Nursing Home Staff,**
**Nursing Home Organization**

  **Defendants**

---

## NOTICE OF REMOVAL

---

**COMES NOW**, Defendant, Accoridus Health at Wilkesboro LLC, ("Accordius"), incorrectly named herein as Ridge Valley Center for Nursing and Rehabilitation[1] by and through counsel, and hereby give notice of removal of the above-entitled action, which is filed as Civil Action Number 25-CVS-265 in the General Court of Justice, Superior Court Division of Wilkes County, North Carolina, from said Court to the United States District Court for the Western District of North Carolina, Statesville Division. This Notice of Removal is filed pursuant to 28 U.S.C. §1332; 28 U.S.C. §1441; and 28 U.S.C. §1446.

## CIVIL ACTION REMOVED

---

[1] Donna Marie James was a resident of Accordius Health at Wilkesboro LLC from August 30, 2022, until on or about March 3, 2023. On August 1, 2024, Accordius Health at Wilkesboro LLC transferred all operations to College Street Operating Company, LLC d/b/a Ridge Valley Center for Nursing and Rehabilitation.

1. Civil Action Number 24-CV-265 in the General Court of Justice, Superior Court Division for Wilkes County, North Carolina, which is styled "*ESTATE OF DONNA MARIE JAMES. By and through its Administrators, JENNIFER N. FOLLEY and ALISON THOMAS v. RIDGE VALLEY CENTER FOR NURSING AND REHABILITATION, 1000 College St., Wilkesboro, NC 28697, Unnamed Negligent Nursing Home Staff, Nursing Home Organization,*" is a civil action that was filed on February 28, 2025.

## DIVERSITY OF CITIZENSHIP

2. Under 28 U.S.C. §1332(a), diversity jurisdiction exists when a civil action is between citizens of different states and the amount in controversy exceeds $75,000.00.

3. According to the Complaint, Plaintiffs, Jennifer N. Folley and Alison Thomas, are adult resident of Durham County, North Carolina. *See*, Complaint attached hereto as **Exhibit A.**

4. Defendant Accoridus Health at Wilkesboro LLC, ("Accordius"), incorrectly named herein as Ridge Valley Center for Nursing and Rehabilitation, is a North Carolina limited liability company. A limited liability company is a citizen of all states in which one of its members is a citizen. *See*, *Saxon Fibers, LLC v. Wood*, 118 Fed. Appx. 750, 753 (4th Cir. 2005) (citing *Gen. Tech. Application, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004)).

5. As pled in the Complaint, Plaintiffs' decedent was a resident of the Accordius facility from August of 2022 until her death on March 3, 2023. Id. at ¶ 11. College Street Operating Company, LLC d/b/a Ridge Valley Center for Nursing and Rehabilitation ("Ridge Valley") began operating the defendant nursing facility on August 1, 2024. Prior to this date, Ridge Valley had no involvement in the day-to-day operations, management, oversight, or administration of the facility. In fact, Ridge Valley was formed on October 19, 2023, and did not and could not have employed any of the staff during the residency period of Plaintiffs' decedent.

Accordingly, Ridge Valley is not a proper party to this lawsuit and its residency can be disregarded. *See*, Affidavit of Stacy Linhoff., attached hereto as **Exhibit B.**

6. The sole member of Accordius Health at Wilkesboro LLC is Care 7 Opco Holdco LLC. The sole member of Care 7 Opco Holdco LLC is NC SNF Holdco LLC f/k/a Accordius SNF Holdco LLC. The sole members of NC SNF Holdco LLC f/k/a Accordius SNF Holdco LLC are SHNZ Holdings LLC and SHNZ Operations LLC.

7. The sole members of both SHNZ Holdings LLC and SHNZ Operations LLC are the HC Family Trust and the Zanziper Family Trust.

8. As for the HC Family Trust, Akiva Schonfeld, a resident of New York, serves as the trustee. Neither the grantor nor any beneficiary of either trust is or has ever been a resident of North Carolina. The beneficiaries of the HC trust are both minors.

9. As for the Zanziper Family Trust, Natalie Zanziper, a resident of New York, serves as the trustee. Neither the grantor nor any beneficiary of either trust is or has ever been a resident of North Carolina. The beneficiaries of the Zanziper trust are minors, with the exception of Natalie Zanziper, mother to the remaining beneficiaries. As noted earlier, Natalie Zanziper is a resident of New York.

10. Because the domicile of a minor is generally considered to be that of the father in determining jurisdiction by virtue of diversity of citizenship, we must identify the parents of the minor beneficiaries in the present case. *See Fahrner v. Gentzsch*, E.D.Pa.1972, 355 F.Supp. 349. The parents of minors J.H. and J.H. are Simcha Hyman and Rachel Hyman who are both residents of New York. In addition to Natalie Zanziper, the remaining Zanziper Trust beneficiaries J.Z., J.Z. J.Z. B.Z., H.Z. E.Z. are minors. The parents of those six minors are Naftali Zanziper and Natalie

Zanziper, who are both residents of New York. Accordingly, Accordius Health at Wilkesboro LLC is a resident of New York.

11. As a result of the foregoing facts, complete diversity of citizenship exists between the parties as defined by 28 U.S.C. §(a)(1).

**FACTS AND CONTROVERSY SUPPORTING JURISDICTIONAL AMOUNT**

12. Plaintiffs' Complaint alleges that Accordius is liable under claims for negligence, wrongful death, violations of patient rights, and for both compensatory and punitive damages.

13. State practice does not permit a demand for a specific sum and therefore this case is removable even though the Plaintiff has not specifically plead damages in excess of $75,000.00, pursuant to 28 U.S.C. §1446(c)(2).

14. Based on the type and severity of injuries alleged, the amount in controversy clearly exceeds $75,000.00 exclusive of costs and interest, as required by 28 U.S.C. §1332. Accordingly, this Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. §1332. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

**TIMELINESS OF REMOVAL**

15. Defendant was served with process on March 7, 2025. Therefore, thirty days have not elapsed since Defendant was served with process or became aware of federal jurisdiction exists, and this removal is timely pursuant to 28 U.S.C. §1446(b).

**COPIES OF STATE COURT PROCEEDINGS**

16. Pursuant to 28 U.S.C. §1446(a), Defendant has requested and will attach hereto a true and correct copy of all process, pleadings, and orders served upon Defendant on file in 25-CVS-265 in the General Court of Justice, Superior Court Division of Wilkes County, North Carolina. *See* Certified Court Record (To Be Supplemented) and attached here to as **Exhibit C**.

## NOTICE TO STATE COURT

17. Defendant will immediately file with the Superior Court of Wilkes County, North Carolina, a true and correct copy of this Notice, thereby effecting removal of this action to this Court. According to 28 U.S.C. §1446(d), no further proceedings shall be had in Wilkes County.

## NOTICE TO PLAINTIFF

18. Pursuant to 28 U.S.C. §1446(a) and consistent with the Certificate of Service, Plaintiffs are being provided with a copy of this Notice of Removal.

## COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 7.1

19. Pursuant to Federal Rule of Civil Procedure 7.1, Defendant has filed separate Corporate Disclosure Statement.

Respectfully submitted this, the 4th day of April 2025.

**ACCORDIUS HEALTH at WILKESBORO LLC**

**Defendant**

By: HAGWOOD AND TIPTON, PC

By: /s/ Michael E. Phillips
Michael E. Phillips (NCSB No. 45198)

Hagwood and Tipton PC
2015 Ayrsley Town Boulevard, Suite 202
Charlotte, NC 28273
Telephone: (704) 280-8562
Facsimile: (601) 362-3642
Email: mphillips@hatlawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing document on all of the parties to this cause by:

____  Hand delivering a copy hereof to the attorney for each said party addressed as follows:

__X_  Depositing a copy hereof, postage paid, in the United States Mail, addressed to the pro se plaintiffs as follows:

____  Via electronic mail addressed to the attorney for each party as follows:

____  Depositing a copy hereof with a nationally recognized overnight courier service, for overnight delivery, addressed to the attorney for each said party as follows:

____  Telecopying a copy hereof to the attorney for each said party as follows:

Jennifer Nicole Folley
Alison Cherrelle Thomas
9001 Sweetbrook Lane #108
Raleigh, NC 27615
    *Pro se Plaintiffs*

This, the 4th day of April 2025.

                              */s/ Michael E. Phillips*
                              Michael E. Phillips