IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:25-CV-00050-KDB-SCR

| | |
|---|---|
| ALISON THOMAS AND JENNIFER N. FOLLEY, **Plaintiffs**, v. ACCORDIUS HEALTH AT WILKSBORO, LLC, **Defendant**. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Accordius Health at Wilksboro, LLC's Motion to Dismiss (Doc. No. 3).[1] The Court has carefully considered this motion, and Defendant's brief in support of its motion. For the reasons discussed below, the Court will **GRANT** the motion.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually

---

[1] Plaintiffs name Ridge Valley Center for Nursing and Rehabilitation as the Defendant. *See* Doc. No. 1-3. However, Accordius Health at Wilksboro, LLC, operated the facility during the time Ms. James was a resident. Doc. No. 3 at 1. In 2024, well after Ms. James' death, Accordius transferred all operations to College Street Operating Company, LLC d/b/a Ridge Valley Center for Nursing and Rehabilitation, and alleges that it, not Ridge Valley, is the proper defendant. *Id.*

1

sufficient. See Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 132 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

On February 28, 2025, Plaintiffs filed a complaint against Defendant claiming that Donna Marie James (Plaintiffs' mother) died a preventable death as the result of Defendant's failure to provide adequate care. Doc. No. 1-1 at 2. Specifically, Plaintiffs allege wrongful death, in violation of N.C. Gen. Stat. § 28A-18-2; violation of patient rights[2] in violation of N.C. Gen. Stat. § 131E-117; and negligence.

Plaintiffs assert that in January 2023, Ms. James was found to have a critically low lab value that placed her at risk for bleeding. *Id.* at 3. The hematology clinic overseeing Ms. James'

---

[2] Specifically, Plaintiffs allege that the Facility failed to "provide adequate care … [e]nsure [Ms. James] received appropriate medical services … [or a]ccurately document and report [Ms. James'] condition. Doc. No. 1-3 at 7.

care directed Defendant to monitor her for signs of bleeding, including blood in her sputum. *Id.* Plaintiffs claim that Defendant failed to transport Ms. James to a hematology appointment on February 27, 2023, and failed to monitor her for signs of bleeding. *Id.* Then, on March 3, 2023, Ms. James suffered fatal internal bleeding, and Plaintiffs suggest that Defendant failed to call 911 in a "timely manner." *Id.*

This action was filed in the Superior Court of Wilkes County, North Carolina, on February 28, 2025. On April 7, 2025, Defendant timely removed the matter to federal court and filed a motion to dismiss. *See* Doc. Nos. 1, 3. On May 6, 2025, the Court issued a Roseboro Order to the pro se Plaintiffs, advising them of their right to respond to the motion, and giving them twenty-one days to do so. Doc. No. 5. As of the date of this Order, Plaintiffs have failed to respond to the motion, and it is now ripe for this Court's review.

### III. DISCUSSION

Defendant alleges that the Court must dismiss the Plaintiffs' claims because they failed to comport with Rule 9(j) of the North Carolina Rules of Civil Procedure. Doc. No. 3 at 3. Rule 9(j), which governs medical malpractice claims, states that

> Any complaint alleging medical malpractice by a health care provider[3] … shall be dismissed unless … [t]he pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence (or who the Plaintiff will seek to have qualified as an expert witness under Rule 702(e)) and who is willing to testify that the medical care did not comply with the applicable standard of care.

N.C. R. Civ. P. 9(j)(1)-(2).

---

[3] A nursing home (like Defendant) licensed under Chapter 131E of the General Statutes is considered a health care provider. N.C.G.S. § 90-21.11(1)(b). Similarly, licensed doctors and nurses are also considered health care providers. N.C.G.S. § 90-21.11(1)(a).

3

"Failure to comply with Rule 9(j) is grounds for dismissal of a state medical malpractice claim brought in federal court." *Tucker v. United States*, No. 5:15-CT-3197-FL, 2017 WL 636407, at *4 (E.D.N.C. Feb. 16, 2017) (citing *Littlepaige v. United States*, 528 F. App'x. 289, 293 (4th Cir. 2013). *See also Thigpen v. Ngo,* 355 N.C. 198 (2002) (holding that "*[a]ny* complaint alleging medical malpractice shall be dismissed if it does not comply with the certification mandate … [f]ailure to include the certification necessarily leads to dismissal").

Notwithstanding that authority, Rule 9(j)(3) provides one narrow exception to its medical certification requirement: a litigant is excused from the pre-filing certification requirement if negligence may be established under the doctrine of *res ipsa loquitur. See* N.C. R. Civ. P. 9(j)(3); *Smith v. Axelbank*, 222 N.C. App. 555, 559 (2012). *Res ipsa loquitor* applies "only when the occurrence clearly speaks for itself." *Diehl v. Koffer*, 140 N.C. App. 375, 378 (2000) (quotation and emphases omitted).

Plaintiffs' claims arise from the care Accordius and its staff provided (or allegedly failed to provide) to Ms. James, thus, Rule 9(j) is applicable to each. *See Acosta v. Byrum,* 180 N.C. App. 562, 573 (2006) (noting that Rule 9(j) is applies to claims "involving direct patient care."); *Estate of Waters v. Jarman*, 144 N.C. App. 98, 101 (2001) (Rule 9(j) applies when the cause of action arises "out of the furnishing of *professional* services"); *Estate of Savino v. Charlotte-Mecklenburg Hosp. Auth.*, 375 N.C. 288, 295 (2020) (noting that the definition of medical malpractice was expanded in 2011 to include "breaches of administrative or corporate duties to the patient that arise from the same set of facts as a traditional 'professional services' medical malpractice claim").

However, Plaintiffs have not provided pre-filing medical certification in accordance with the rule. Nor have they alleged that the *res ipsa loquitor* doctrine applies. Indeed, Plaintiffs have failed to respond to the Motion to Dismiss, despite having ample time with which to do so. Therefore, Plaintiffs fail to meet the requirements of Rule 9(j), and their claims will be dismissed without prejudice.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 3) is **GRANTED;**

2. Plaintiffs' claims are dismissed without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 30, 2025

Kenneth D. Bell
United States District Judge